UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-MJ-02302-Elfenbein

UNITED STATES OF AMERICA

v.

LUIS MANUEL ARAUJO GARCIA AND
JOSE BELARMINIO LIRIANO MANCEBO,

      **Defendants.**

_____/

FILED BY _____TS_____ D.C.

**Feb 14, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2.  Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3.  Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4.  Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

·Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:    *s/ Anthony Espino Reynolds*
        Anthony Espino Reynolds
        Assistant United States Attorney
        Florida Bar No. 118876
        United States Attorney's Office
        99 Northeast Fourth Street
        Miami, FL 33132-2111
        Telephone (305) 961-9389
        Facsimile (305) 530-7976
        Anthony.Reynolds@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Luis Manuel Araujo Garcia and | ) | Case No.   25-MJ-02302-Elfenbein |
| Jose Belarminio Liriano Mancebo, | ) | |
| | ) | |
| | ) | |
| *Defendant.* | | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ February 13, 2025 _____ in the county of _____ Miami-Dade _____ in the _____ Southern _____ District of _____ Florida _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession with intent to distribute a controlled substance |
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute a controlled substance |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____ Badge No. 7118
*Complainant's signature*

M. Elias Mitrani, Special Agent HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Face Time__

Date: __February 14, 2025__

_____
*Judge's signature*

City and state: _____ Miami, Florida _____

Honorable Marty Fulgueira Elfenbein, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, M. Elias Mitrani, being duly sworn, hereby state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am employed as a Special Agent with Homeland Security Investigations ("HSI") and have been so employed since August 2019.  I am currently assigned to the Miami Office.  As an HSI Special Agent, I am responsible for investigating offenses involving violations of the federal narcotics laws.

2.      I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7).  I am an officer of the United States empowered by law to conduct investigations and to make arrests for offenses enumerated in Titles 18 and 21 of the United States Code.

3.      I have participated in multiple Title 21 controlled substances investigations involving physical and electronic surveillance, execution of search and arrest warrants, international drug importations and exportations, and transnational drug distribution organizations. As a result, I am familiar with known drug trafficking source and destination areas, various smuggling methods and techniques used by drug traffickers, and the methods of packaging illicit contraband.

4.      As more fully described below, I respectfully submit that there is probable cause to believe that **Jose Belarminio LIRIANO MANCEBO ("LIRIANO")** and **Luis Manuel ARAUJO GARCIA ("ARAUJO")** knowingly committed a violation of Title 21, United States Code, Section 841 (possession with intent to distribute a controlled substance) and Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute a controlled substance).

5.      The information set forth in this Affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers and people with knowledge of the case.  The facts set forth herein do not constitute all the facts known to law enforcement officers regarding this matter.  This Affidavit does not represent every fact law enforcement knows about this investigation and is submitted for the limited purpose of establishing probable cause for the issuance of the criminal complaint against **LIRIANO** and **ARAUJO** for the aforementioned criminal violations.

## PROBABLE CAUSE

6.      On February 13, 2025, **LIRIANO** and **ARAUJO** were scheduled to depart Miami International Airport ("MIA") to Santo Domingo, Dominican Republic onboard American Airlines Flight #2099.

7.      Prior to departure, United States Customs and Border Protection ("CBP") Officers assigned to MIA conducted an outbound inspection of **LIRIANO's** and **ARAUJO's** checked baggage.  **LIRIANO's** and **ARAUJO's** tickets were booked under the same flight reservation. CBP Officers identified four total checked items associated with the flight reservation.  Two of the checked suitcases were under **LIRIANO's** name and the other two were under **ARAUJO's** name.

8.      CBP Officers inspected the four checked suitcases associated with **LIRIANO's** and **ARAUJO's** flight reservation which each revealed black nylon vacuum sealed packages containing a leafy green substance and emitted an odor of marijuana.

9.      CBP Officers met **LIRIANO** and **ARAUJO** at the departing gate and intercepted them before they boarded the flight. **LIRIANO** and **ARAUJO** each described their checked suitcases, and when shown the four checked suitcases associated with their flight reservation, **LIRIANO** and **ARAUJO** each identified their own respective checked suitcases.  CBP Officers

2

escorted **LIRIANO** and **ARAUJO** to the Concourse D Enforcement Area for further inspection. In the inspection area, **LIRIANO** and **ARAUJO** each claimed ownership of their respective checked suitcases and the contents within.

10.    The total weight of the marijuana contained inside **LIRIANO's** two checked suitcases was approximately 32.58 kilograms. The total weight of the marijuana contained inside **ARAUJO's** two checked suitcases was approximately 31.80 kilograms. In total, CBP seized approximately 64.38 kilograms of marijuana.

11.    A sample of the substance found inside the bags was tested using the Reagent pouch method which yielded positive results for marijuana, a Schedule I controlled substance.

12.    **ARAUJO** read his *Miranda* rights in Spanish, waived those rights, and agreed to speak with law enforcement.  During a recorded interview, **ARAUJO** stated he was returning to Santo Domingo, Dominican Republic where he lives.  **ARAUJO** stated he purchased the marijuana in Miami, Florida and planned on taking it to the Dominican Republic.  **ARAUJO** stated that he was traveling with **LIRIANO** and they purchased the aforementioned marijuana together.

13.    **LIRIANO** read his *Miranda* rights in Spanish, waived those rights, and agreed to speak with law enforcement.  During a recorded interview, **LIRIANO** stated he was returning to Santo Domingo, Dominican Republic where he lives.  **LIRIANO** stated he purchased the marijuana and planned on taking it to the Dominican Republic.  **LIRIANO** stated that he was traveling with **ARAUJO** and purchased the aforementioned marijuana with **ARAUJO** to bring back to the Dominican Republic to sell.  **LIRIANO** stated he and **ARAUJO** paid for the checked luggage fees for all four suitcases using the same prepaid debit card.

## CONCLUSION

14.    Based on my training and experience, as further supported by the facts set forth in

3

this Affidavit, I respectfully submit that probable cause exists supporting that **LIRIANO** and **GARCIA** violated Title 21, United States Code, Section 841 (possession of a controlled substance with intent to distribute) and Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute a controlled substance.

**FURTHER AFFIANT SAYETH NAUGHT.**

Badge No. 7118

M. ELIAS MITRANI
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the Applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Face Time this __14th__ day of February, 2025.

HONORABLE MARTY FULGUEIRA ELFENBEIN
UNITED STATES MAGISTRATE JUDGE

4